UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER RUSSELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:08CV377 AGF |
| | ) |
| MICHAEL BOWERSOX, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Petition will be denied.

### Background

Petitioner was an inmate at Moberly Correctional Center when Correctional Officers Donald Cooper and Raymond Lester received information that he had sold drugs to another inmate. Resp. Exh. E at 2. The officers approached him and ordered him to accompany them. Id. Petitioner requested to use the restroom first, and the officers refused. Id. Petitioner then attempted to run towards the restroom, but the officers caught him and handcuffed him. Id. During a search of Petitioner's person, the officers found a substance that appeared to be marijuana along with two hand-rolled cigarettes that also appeared to contain marijuana. Id. Officer Cooper asked Petitioner if he "had any more in his possession," and Petitioner answered, "I don't have no more." Id.

Petitioner was charged by information with possession of a controlled substance on the premises of a correctional facility. Resp. Exh. I at 3. The case proceeded to a jury trial. Id. At

the start of trial, Petitioner's counsel stipulated that the substance found on Petitioner's person was marijuana. Id. During the trial, the following exchange took place during the direct examination of Officer Donald Cooper:

> [Cooper]: We instructed [Petitioner] he was going to comply to a pat search, which at the time we began to conduct a pat search, told him to take his shoes off, and he did. We bent over and checked his shoes and his socks. At that time, I got up to move around to the other side to check the other shoe, at which time the officer—the inmate dropped something on the floor, which I did not see him drop it. Officer Lester did see him drop it.
>
> [Prosecutor]: Okay. When did you first become aware that something had dropped? What was your first clue?
>
> [Cooper]: The sergeant said he dropped it.
>
> [Prosecutor]: Okay. After hearing the sergeant say he dropped something, what did you do?
>
> [Cooper]: I watch Officer Lester take—pick the items up.
>
> [Prosecutor]: Okay. So you were able to see something being picked up. What was [Petitioner's] reaction when—
>
> [Cooper]: He didn't really have a reaction, other than I asked him if he had any more in his possession, and he looked at me and said, "I don't have no more."

Resp. Exh. E at 4. Petitioner's trial counsel did not object during this exchange. The jury found Petitioner guilty at the close of all evidence. Id. at 2. The trial court sentenced Petitioner to fifteen years' imprisonment, to run consecutive to his other sentences. Id.

On direct appeal, Petitioner argued that the trial court erred in not ordering a new trial after the court found out that the State failed to disclose to the defense during discovery Petitioner's statement "I don't have no more," which he made after Officers Cooper and Lester found the marijuana and asked him if he "had any more in his possession." Resp. Exh. A at 9.

Petitioner argued that this failure violated "his rights to due process and a fair trial as guaranteed by the 14th Amendment to the United States Constitution" as well as the Missouri Constitution and the State's discovery rules. Id. Petitioner failed to preserve the issue for appeal, and Petitioner asked the Missouri Court of Appeals for plain error review. Resp. Exh. E at 3. The appellate court reviewed for plain error and denied the claim because the evidence of guilt was otherwise overwhelming and no manifest injustice occurred. Id. at 5.

Petitioner filed a pro se motion for post-conviction relief under Rule 29.15. Resp. Exh. H at 4. In his pro se motion, Petitioner argued that the trial court lacked jurisdiction to try the case and that his counsel was ineffective. Id. at 5. Petitioner argued that counsel was ineffective for several reasons, including that counsel was deficient for stipulating that the substance was marijuana. Id. at 16; Resp. Exh. I at 4. Counsel was appointed, and counsel filed a statement to the effect that no amended Rule 29.15 motion would be filed because, upon counsel's review of the case file, counsel could not identify any meritorious issues for post-conviction relief. Resp. Exh. H at 25. The motion court denied relief after holding an evidentiary hearing. Id. at 27-31.

On appeal from the denial of post-conviction relief, Petitioner argued that his counsel was ineffective because he did not force the State to prove that the substance found on Petitioner was marijuana and for stipulating to the fact at trial. Resp. Exh. F at 9. Petitioner argued that there was a reasonable probability that the outcome of the trial would have been different had the evidence been challenged. Id. The Missouri Court of Appeals applied the Strickland test. Id. at 5-7. In doing so, the court stated, "[f]ailure to present evidence on an ineffective assistance of counsel claim constitutes abandonment of that claim." Id. at 7 (citation and quotation omitted). The appellate court found that Petitioner failed to demonstrate Strickland prejudice because he

"did not present any evidence at his motion hearing demonstrating a reason why his trial counsel would have had any reasonable belief that the substance was not marijuana so that it should have been tested." Id. at 8.

Petitioner is currently incarcerated at South Central Correctional Center. Michael Bowersox is the warden of that institution.

**Grounds for Relief**

1. Petitioner argues that the prosecution committed a Brady violation by failing to disclose Petitioner's own statement, "I don't have no more," which he made after the correctional officers found the marijuana and asked him if he "had any more in his possession."

2. Petitioner argues that counsel was ineffective for stipulating that the substance found on his person was marijuana.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable

application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## Discussion

1. Ground One

In ground one of the Petition, Petitioner argues that the prosecution committed a Brady[1] violation by failing to disclose Petitioner's own statement, "I don't have no more," which he made after Officers Cooper and Lester found the marijuana and asked him if he "had any more in his possession." Respondent argues that Petitioner has "failed to allege a viable Brady claim."

As is stated above, the Missouri Court of Appeals reviewed Petitioner's direct appeal for plain error. "When a state court reviews a petitioner's claim under a plain-error standard, in federal habeas proceedings [the claim is reviewed] for plain error." Roll v. Bowersox, 177 F.3d 697, 700 (8th Cir. 1999). Under plain error review, the Court is limited to determining whether manifest injustice resulted from the state court's ruling. Kilmartin v. Dormire, 161 F.3d 1125, 1127 (8th Cir. 1998).

The Missouri Court of Appeals found that no manifest injustice occurred because the evidence of Petitioner's guilt was overwhelming:

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

-5-

> After receiving information that [Petitioner] has sold drugs to another inmate, corrections officers approached [Petitioner] to search him. [Petitioner] asked to first use the restroom. Knowing that inmates often flush drugs down the toilet if they can, the officers did not allow [Petitioner] to use the restroom. [Petitioner] then began reaching for the waistband of his sweat pants. When the officers tried to handcuff [Petitioner], he ran. [Petitioner] was apprehended and searched. Prior to the search, the officers scanned the area they were in and determined that no objects were on the ground. During the search, one officer saw two objects fall to the floor from [Petitioner's] waistband near his restrained hands. The objects were parts of plastic food service gloves containing loose marijuana and two hand-rolled marijuana cigarettes. Even without [Petitioner's] statement, the evidence was overwhelming that he possessed marijuana while an inmate at Moberly Correctional Center.

Resp. Exh. E at 5.

This Court agrees with the state court's holding. Even without Petitioner's statement, the state had substantial evidence from which the jury could find Petitioner guilty of the crime of possession of a controlled substance on the premises of a correctional facility. As a result, the state court reasonably found that no manifest injustice occurred, and Petitioner is not entitled to habeas relief on ground one of the Petition.

Furthermore, the Court agrees with Respondent's argument that Petitioner has not sufficiently alleged a <u>Brady</u> violation. "Under <u>Brady</u>, [] the government is required to disclose any evidence that is both favorable to an accused and is material either to guilt or to punishment." <u>United States v. Gonzales</u>, 90 F.3d 1363, 1368 (8th Cir. 1996) (quotations omitted). The statement at issue was inculpatory, not exculpatory. Therefore, Petitioner has not stated a claim for relief under <u>Brady</u>.[2]

---

[2] The state appellate court more properly analyzed the claim as whether the state's failure to comply with the mandatory discovery rules resulted in a manifest injustice, entitling Petitioner to a new trial. <u>Id.</u> at 3-5.

2. Ground Two

In ground two of the Petition, Petitioner argues that counsel was ineffective for stipulating that the substance found on his person was marijuana. Respondent argues that the Missouri Court of Appeals' decision was correct because Petitioner failed to meet his burden of proof.

To prevail on a claim of ineffective assistance of counsel in the state courts, a defendant must show that counsel's performance was both deficient and prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). But to prevail on an ineffective assistance of counsel claim in a § 2254 case, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002).

"Under the standard set forth by the Supreme Court in Strickland, it is the petitioner's burden to affirmatively prove prejudice, which requires proof 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992) (quoting Strickland, 466 U.S. at 694). That is, it is Petitioner's "burden to affirmatively prove that there is a reasonable probability" that had his counsel not stipulated that the substance was marijuana, Petitioner would have been acquitted. Id.

The Missouri Court of Appeals recognized:

> Trial counsel would not be deficient for stipulating the substance seized was marijuana, unless there was some reason to believe that it was not marijuana and that testing would have born that out. However, [Petitioner] did not present any evidence at his motion hearing demonstrating a reason why his trial counsel would have had any reasonable belief that the substance was not marijuana so that it would have been tested. In fact, at the motion hearing, [Petitioner] never once asserted that the substance was not marijuana. He simply concludes in his brief on appeal, based on nothing more than speculation, that the testing "might" have shown that the substance was something other than marijuana. In failing to offer any evidence to support his claim, it is deemed abandoned.

(Respondent's Exhibit I, 8).

The state court found that because Petitioner failed to introduce any evidence in support of his claim during the evidentiary hearing, he was not entitled to relief. The state court's decision is consistent with clearly established federal law as announced by the Supreme Court of the United States. As a result, Petitioner is not entitled to habeas relief on ground two of the Petition.

## Conclusion

For these reasons, Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). As a result, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

A separate Judgment shall accompany this Memorandum and Order.

                                          _____
                                          AUDREY G. FLEISSIG
                                          UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2010.